## AMERICAN LEGION v HOSPITAL ASS'N et

Ohio Appeals, 2nd Dist, Shelby Co

No. 80. Decided Feb 3, 1931

H. T. Mathers, H. E. Beery, and Mills & Doorley, Sidney, for American Legion.

W. J. Emmons, R. E. Marshall and Hugh Bingham, Sidney, for Hospital Ass'n et.

134

BY THE COURT:

There was also filed with us the written decision of the lower court. We shall not attempt to discuss the evidence or the authorities in detail but will merely announce the conclusion at which we have arrived after a thorough examination of the record and the authorities. We are in harmony with the conclusion reached by the trial court. The plaintiff seeks to apply the doctrine of cy pres to this fund. It claims to be the one organization corresponding more

nearly to the purposes for which the fund was created than any other similar organization and is, therefore, entitled to this balance of $5644.37.

Several years ago we had occasion to thoroughly investigate the question of cy pres in a case arising in Springfield under circumstances very similar to those involved in the case at bar. Reference is made by counsel for both plaintiff and defendant to this case. It should be noted that in the Springfield case, while various organizations similar to the plaintiff invoked the doctrine of cy pres and the War Chest Committee of Springfield had turned over the total balance in their hands to a hospital, the principle controversy in that case related to the issue raised by the answer and cross petition of J. K. Williams, one of the large contributors to said War Chest Fund. Upon the issues raised by the answer and cross petition of Mr. Williams we held that the members of the War Chest Committee were mere trustees; that the purpose for which the fund was raised had entirely disappeared by reason of the signing of the Armistice and that the fund belonged to the donors and not to the War Chest Committee and ordered the fund returned to the donors to the extent that such donors could be reached. The War Chest Committee claimed the right to dispose of the fund in such manner as it might determine. The case was taken to the Supreme Court. A writ of certiorari was refused.

In the case at bar, a letter was sent to all the donors. They were asked to express their desires in reference to the portion of the fund contributed by them. The letter specified that the money would be refunded to the donor or paid to anyone of some six different public organizations of Shelby County. The plaintiff was one of the designated organizations. Of the total balance in the hands of the War Chest Committee, amounting to $12,581.98, $6522.00 was distributed, under the orders of the donors, either to the donors or to one of these various organizations. About $2500.00 of this amount was refunded to the donors themselves. The fund in question is the balance which remained in the hands of the War Chest Committee as represented by donors who did not respond to the letter. This letter clearly indicated to the donor that in the event the donor neglected or refused to express a preference that the committee would then exercise its judgment and designate what disposition should be made of the money. This has been done. The money has been turned over to the hospital in question.

It must be kept in mind that this is a case wherein the purposes of the trust have completely disappeared. The money in question was raised for war purposes. The literature then circulated clearly indicates the purpose for which the money was subscribed. The signing of the Armistice ended the struggle. We are clearly of opinion that the doctrine of cy pres does not apply to the case at bar. Being of this opinion, however worthy the aims and purposes of the plaintiff may be, we have no alternative except to dismiss the petition of the plaintiff.

The same decree will be rendered in this court as was rendered in the lower court. Costs will be paid out of the fund.